*\*E-Filed 9/13/2011\*\**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ELWOOD QUESADA, JAMES DeROSA, and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA INVESTMENT SERVICES, INC., NKA MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.<br><br>    Defendant. | Case No. 5:11-cv-1703 (HRL)<br><br>ORDER[1] GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND<br><br>[Re: Docket No. 21] |

    Pursuant to Fed. R. Civ. P. 12 (b)(6), Defendant Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch") moves to dismiss the complaint of Plaintiffs Elwood Quesada and James DeRosa (collectively, "Plaintiffs") for failure to state a legally cognizable claim. Merrill Lynch contends that the applicable statute of limitations bars this action and that Plaintiffs have failed to allege sufficient facts to support a claim under California's Invasion of Privacy Act, Cal. Pen. Code §§ 630, *et seq*.

    The Court has considered the moving and responding papers and the oral arguments of

---

[1] This disposition is not designated for publication in the official reports.

counsel at the hearing on August 19, 2011.  For the reasons discussed below, the motion will be granted, with leave to amend.

## I. BACKGROUND

In January 2010, a Merrill Lynch employee called Quesada and DeRosa to discuss their brokerage accounts with the firm.  (FAC ¶ 23-24)  Neither Plaintiff expected the calls to be recorded, and neither consented to any recording.  (*Id*.)  Nonetheless, Plaintiffs discovered approximately one year later that Merrill Lynch had recorded the calls.  (FAC ¶ 25)

Plaintiffs filed this putative class action in the Santa Clara Superior Court on February 7, 2011, seeking statutory damages for violation of the Privacy Act.  Merrill Lynch subsequently removed the action to this Court and moved to dismiss.  In response, Plaintiffs filed the FAC on May 11, 2011.

## II. LEGAL STANDARD

The Court may dismiss a complaint when it does not allege facts sufficient to state a claim for which the law provides relief.  *See, e.g.*, *Kelly v. Arizona*, 409 Fed. Appx. 124, 126 (9th Cir. 2010).  Therefore, a plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  As it evaluates a Rule 12(b)(6) challenge, the Court must take the plaintiff's allegations as true and construe them most favorably toward him.  *See Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002).  Conclusions of law posing as factual allegations, however, will not pass the test. *Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

The Court may not dismiss a complaint without leave for the plaintiff to amend unless it is clear that no amount of amending can save the complaint.  *Gompper*, 298 F.3d at 898, citing *Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991).

## III. DISCUSSION

**A. Invasion of Privacy Act**

The Invasion of Privacy Act generally prohibits the intentional recording of a confidential communication without consent. *See* Cal. Penal Code §§ 632. Merrill Lynch contends that Plaintiffs have failed to allege sufficient facts to support any of the three elements of this claim.

Plaintiffs allege that Merrill Lynch carried out a concerted effort to call its customers in California and that it "planned . . . and implemented" a system to record phone calls such as those made to Quesada and DeRosa. (FAC ¶¶ 9-10) They also allege that Merrill Lynch failed to train its employees, including the employee who allegedly called Plaintiffs, "to inform its clients that [Merrill Lynch] was recording the calls." (FAC ¶ 11) Plaintiffs contend that a reasonable inference may be drawn from those allegations that Merrill Lynch intentionally recorded the calls. (Opp'n to Mot. to Dismiss, 5:13-6:7) The Court agrees.

Plaintiffs also allege that the communications were confidential and therefore protected by the Invasion of Privacy Act. A telephone call is confidential for purposes of the Act only if a party has an objectively reasonable belief that the discussion is not being recorded. *Flanagan v. Flanagan*, 27 Cal. 4th 766, 768 (2002). Here, Plaintiffs assert that neither of them "had a reasonable expectation" that their calls would be recorded. (FAC ¶¶ 23-24) They allege that Merrill Lynch called them to discuss personal financial matters but made no effort to notify them or members of the putative class of the recording. (FAC ¶¶ 11, 23-24). Given the common business practice of informing customers that their calls may be monitored in an effort to ensure quality customer service, it is at least plausible that the absence of such a disclaimer would create a reasonable expectation on Plaintiffs' part that their calls would not be monitored. Because Plaintiffs also allege their lack of consent to the recordings, the FAC sufficiently states a claim for violation of the Invasion of Privacy Act.

**B. Statute of Limitations**

Generally, plaintiffs seeking statutory damages must comply with the one-year statute of limitations set forth in Cal. C. C. P. § 340(a). *See Montalti v. Catanzariti*, 191 Cal. App. 3d 96, 98 (1987). However, time does not begin to run on such actions brought under the Invasion of

1   Privacy Act until the plaintiff discovers or should have discovered his injury. *Id*. at 99; *see also*
2   *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 690 (E.D. Cal. 2009) (given the nature of
3   secret recording, "it would defy logic" to deny plaintiffs discovery-rule exception).
4          "In order to rely on the discovery rule . . . , '[a] plaintiff whose complaint shows on its
5   face that his claim would be barred without the benefit of the discovery rule must specifically
6   plead facts to show (1) the time and manner of discovery and (2) the inability to have made
7   earlier discovery despite reasonable diligence.'" *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th
8   797, 808 (2005) at 808 (quoting *McKelvey v. Boeing North American, Inc.*, 74 Cal. App. 4th 151,
9   160 (1999)); *see also, Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal. 4th 623, 638 (2007)
10  (holding that smoker must plead facts showing her inability to discover her addiction to tobacco
11  earlier); *Rhynes v. Stryker Corp.*, 2011 WL 2149095 (N.D. Cal. 2011) (denying exception
12  because complaint stated only that "plaintiff was unaware of the injury from the defect" until
13  after the expired statute of limitations period).
14         Here, Plaintiffs allege only that they "discovered Defendant's surreptitious recording . . .
15  approximately one year later . . . ." (FAC ¶ 25)  They do not provide any specific facts that
16  explain how they made this discovery or why they were unable to do so earlier.  Accordingly,
17  their claim is subject to dismissal as untimely.  Because it appears that Plaintiffs may be able to
18  allege sufficient facts to satisfy the requirements of the delayed discovery rule, leave to amend
19  will be granted.

### IV. ORDER

21         Good cause therefor appearing, the motion to dismiss is GRANTED.  Any amended
22  complaint shall be filed within twenty (20) days of the date of this order.

24  IT IS SO ORDERED.

26  Dated: 9/8/2011

                                                       _____
                                                       JEREMY FOGEL
                                                       United States District Judge