United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELWOOD QUESADA, *et al.*, | No. C-11-1703 EMC |
| Plaintiffs, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| BANC OF AMERICA INVESTMENT SERVICES, INC. NKA MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., | **(Docket No. 36)** |
| Defendant. | |
| _____/ | |

Pending before the Court is Defendant's motion to dismiss Plaintiffs' Third Amended Complaint ("TAC"). Docket No. 36. The sole substantive issue in the motion to dismiss is whether Plaintiffs' have alleged sufficient facts to demonstrate that their claim under the Invasion of Privacy Act is timely under the discovery rule.[1]

The Invasion of Privacy Act generally prohibits the intentional recording of a confidential communication without consent. *See* Cal. Penal Code § 632. Plaintiffs seeking statutory damages (as they are here) for violations of the Act must comply with the one-year statute of limitations set forth in Cal. C. C. P. § 340(a). *See Montalti v. Catanzariti*, 191 Cal. App. 3d 96, 98 (1987).

---

[1] While Defendant argues in its motion to dismiss that the TAC also fails to state a plausible claim under the Privacy Act, Judge Fogel already ruled to the contrary in his prior Order. *See* Order at 3 ("[T]he FAC sufficiently states a claim for violation of the Invasion of Privacy Act."). Defendant offers no basis for re-asserting arguments Judge Fogel already dismissed, nor does it ask for leave of the Court or explain why reconsideration would be appropriate. *See* Mot. at 8-10. Defendant also does not respond to Plaintiffs' point in their opposition that only the statute of limitations issue is properly raised here. Rather, Defendant's reply focuses solely on timeliness. Accordingly, the motion to dismiss for failure to state a claim is **DENIED**.

1  However, time does not begin to run on such actions brought under the Invasion of Privacy Act until
2  the plaintiff discovers or should have discovered his injury. *Id.* at 99; *see also Kuschner v.*
3  *Nationwide Credit, Inc.*, 256 F.R.D. 684, 690 (E.D. Cal. 2009) (given the nature of secret recording,
4  "it would defy logic" to deny plaintiffs discovery-rule exception).  "In order to rely on the discovery
5  rule . . . , '[a] plaintiff whose complaint shows on its face that his claim would be barred without the
6  benefit of the discovery rule must specifically plead facts to show (1) the time and manner of
7  discovery and (2) the inability to have made earlier discovery despite reasonable diligence.'"  *Fox v.*
8  *Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005) at 808 (quoting *McKelvey v. Boeing North*
9  *American, Inc.*, 74 Cal. App. 4th 151, 160 (1999)); *see also Grisham v. Philip Morris U.S.A., Inc.*,
10 40 Cal. 4th 623, 638 (2007) (holding that smoker must plead facts showing her inability to discover
11 her addiction to tobacco earlier); *Rhynes v. Stryker Corp.*, 2011 WL 2149095 (N.D. Cal. 2011)
12 (denying exception because complaint stated only that "plaintiff was unaware of the injury from the
13 defect" until after the expired statute of limitations period).

14 As the Court stated at oral argument, Plaintiff's current complaint more than satisfies this
15 standard.  Plaintiffs' previous complaint had alleged only that they "discovered Defendant's
16 surreptitious recording . . . approximately one year later . . . ." FAC ¶ 25.  Judge Fogel dismissed the
17 FAC as untimely because Plaintiffs had "not provide[d] any specific facts that explain how they
18 made this discovery or why they were unable to do so earlier."  Order at 4.  The TAC, by contrast,
19 alleges that Plaintiffs discovered the purported violation only after receiving a letter from Plaintiffs'
20 counsel, who were following up on an anonymous tip received by a Merrill Lynch employee.
21 Specifically, it alleges that

> [i]n early January 2011, Counsel for Plaintiffs received a letter from a person self-identified as an employee of [Bank of America]. The letter provided detailed information about [Bank of America's] campaign of secret recording [sic] of its brokerage clients in California. A few days later, on January 11, 2011, Counsel for Plaintiffs mailed a letter to Messrs. Quesada and DeRosa, informing them of their claims[.] . . . Before receiving Counsel's letter of January 11, 2011, there was nothing Plaintiffs could have reasonably done to discover [Bank of America's] secret recording of the phone calls.

27 TAC ¶¶ 29-33.  These substantive details move Plaintiffs' allegations into the realm of plausibility
28 for purposes of the discovery rule.  As Judge Fogel requested, Plaintiffs have provided details as to

"how they made the discovery." Order at 4. They have explained when they learned of the alleged violation and from whom. *See Adobe Lumber, Inc. v. Hellman*, 2008 WL 4615285, at *4 (E.D. Cal. Oct. 17, 2008) (complaint must allege that "at the point of the alleged discovery, 'plaintiffs actually learned something they did not know before.'") (quoting *E-Fab, Inc. v. Account, Inc. Servs.*, 153 Cal. App. 4th 1308, 1325 (2007)). Plaintiffs have also provided a plausible explanation for why they did not discover the information sooner: the only source of information was a letter from an employee of Defendants. Without that letter, Plaintiffs' complaint indicates that the probably never would have discovered the violation, as Defendants hid the violations from their customers. *Matsumoto v. Republic Ins. Co.*, 792 F.2d 869, 872 (9th Cir. 1986) ("[T]he date-of-discovery accrual rule [applies] to those cases where the factual predicate for the plaintiff's injuries was concealed or misrepresented.") (emphasis removed) (citations omitted). These facts are sufficient to allege that their claim is timely. *See Fox*, 35 Cal. 4th at 811 (contrasting a conclusory statement that "there was no way through which her reasonable diligence would have revealed, or through which she would have suspected the Ethicon GIA-type stapler as a cause of her injury" in a prior complaint with an adequately alleged amendment stating that "the products liability cause of action did not accrue until after the stapler malfunction was revealed during the deposition of Dr. Gladen").

Accordingly, the motion to dismiss is **DENIED**.

This Order disposes of Docket No. 36.

IT IS SO ORDERED.

Dated: January 6, 2012

_____
EDWARD M. CHEN
United States District Judge